IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ONEBEACON AMERICA INSURANCE :
COMPANY, A/S/O THE ESTATE OF :
KENNETH D. HERMAN, :
:
    Plaintiff, : Civil Action No.
: 7:11-cv-97 (HL)
    v. :
:
OIL-DRI CORPORATION OF :
AMERICA and THOMAS WOOD, :
:
    Defendants. :
_____ :

## ORDER

    The complaint, filed on July 19, 2011, alleges that the Plaintiff OneBeacon American Insurance Company ("OneBeacon") entered into an insurance contract with Kenneth D. Herman. The contract provides that OneBeacon has subrogation rights against negligent third parties that caused injury to Mr. Herman to the extent that OneBeacon paid benefits to or on behalf of Mr. Herman. OneBeacon alleges that it paid at least $130,000 in benefits on behalf of Mr. Herman as a result of Mr. Herman's personal injuries and death caused by Defendant Thomas Wood ("Wood"). Wood backed a tractor trailer to the loading dock and in the process crushed Mr. Herman against the loading dock. Wood was operating the tractor trailer on behalf of his employer, Defendant Oil-Dri Corporation of America ("Oil-Dri"). OneBeacon seeks to recover from Wood and Oil-Dri the amount of benefits it paid on behalf of Mr. Herman. The asserted basis for the Court's subject matter jurisdiction is diversity jurisdiction.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the diversity jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (requiring that a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion)

Having concluded that the requirements have not been satisfied, the Court orders OneBeacon to come forward with evidence showing that diversity jurisdiction is present.

Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The complaint shows that the amount in controversy in this case exceeds $75,000, but it does not show diversity of citizenship.

A party must distinctly and affirmatively plead citizenship. Tucker v. Thomasville Toyota, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id. at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. Id.

The complaint fails to plead that Wood is a citizen of Georgia; instead it alleges

that he is a resident of Georgia. OneBeacon may file evidence establishing the citizenship of Wood. If OneBeacon does so and the evidence shows that OneBeacon is not of the same citizenship of any Defendant, then the Court will find that there is complete diversity between the parties.

Accordingly, OneBeacon is ordered to file with this Court, no later than August 9, 2011 evidence sufficient to show by a preponderance of the evidence that complete diversity exists. The Defendants have until August 16, 2011 to respond. If OneBeacon wishes to file a reply, then it must seek the Court's permission to do so. The Court's Rules 16/26 Order will not issue until the Court determines it has subject matter jurisdiction over the case.

**SO ORDERED**, this the 20th day of July, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc